## PARTLOW, Estate of, In re.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24243. Decided November 27, 1957.

Sidney M. Cornrich, Morton D. Barrisch, for appellee.
Jerome W. Moss, for appellant.

## OPINION

Per CURIAM:

Appellant filed a motion in Probate Court to vacate the appointment of one Sidney C. Partlow as administrator of the estate of Adeline Partlow (or Aileen Knight, as deceased is referred to by appellant) and as such is entitled to be appointed administrator of her estate. Sidney C. Partlow is the brother of decedent.

The issue presented to this court by the parties is whether, in contemplation of law, after the disability to a common law marriage is removed (in this case by appellant's divorce in 1946) the parties are to be considered as husband and wife. Certainly the evidence shows that appellant and decedent continued to live together and to hold themselves out to the community as husband and wife after the disability was removed.

There being no evidence in the record to show that the decedent was under a disability to enter into a common law marriage and appellant's disability to marry having been removed by a divorce in 1946, there is ample evidence in the record to establish all the elements of a common law marriage between appellant and decedent, including an agreement to marry in praesenti under the test set down by the Supreme Court in **Markley v. Hudson, 143 Oh St 163,** 54 N. E. 2d 304, syllabus two of which reads as follows:

"2. While such agreement to marry in praesenti must be proved by clear and convincing evidence, it may be established by proof of the

acts, declarations and conduct of the parties and their recognized status in the community in which they reside."

At page 167, the court said:

"* * * This court still adheres to the doctrine that it is essential to show an agreement between the parties in praesenti to become husband and wife in order to establish a common-law marriage, but **this does not mean that such proof must establish an express agreement resulting in contract, or that such result may not be established by circumstances from which an agreement in praesenti may be inferred."** (Emphasis added.)

This court is unanimously of the opinion that the evidence of appellant established a common law marriage and that, therefore, in entering judgment for the appellee at the close of appellant's evidence, the court erred because such judgment was manifestly against the weight of the evidence and in view of the evidence and the pronouncement of the Supreme Court in Markley v. Hudson, supra, it was error of law prejudicial to the rights of the appellant to enter judgment at the close of plaintiff's case.

Therefore, in view of the fact that the court did not hear the whole case, the cause is remanded to the Probate Court with instructions to overrule the motion at the close of the plaintiff's case and for further proceedings according to law.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.